62 F.3d 1421
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Vikki REED, on behalf of Charles Reed, Appellant,
v.
J.M. JONES; James A. Gammon; R.W. Dunsieth; Dick D. Moore;
Fred King; Myrna Trickey; George A. Lombardi; R. Dale
Riley, all sued individually and in their official
capacities; John Does, unknown correctional officers of the
Missouri Training Center for Men, acting in their official
capacities, Appellees.
 No. 95-1075
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 14, 1995
Filed: Aug. 7, 1995
 
 Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and JOHN R. GIBSON, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Vikki Reed brought an action under 42 U.S.C. Secs. 1983 and Mo. Rev. Stat. Sec. 537.080 and 516.105 seeking damages resulting from the death of her husband, Charles Reed, who was an inmate at the Moberly Correctional Center (MCC) at the time of his death. She appeals from the district court's[1] grant of summary judgment in favor of the defendants on the section 1983 claim and its decision to decline to exercise supplemental jurisdiction over the state law claim.
 
 
 2
 In essence, Ms. Reed's complaint alleges that the defendants were deliberately indifferent to Charles Reed's medical needs in that they did not take steps to insure that Reed followed the diet that had been prescribed to control his massive obesity and the physical infirmities resulting therefrom and that defendant King, MCC's prison physician, failed to properly treat Reed during the period immediately prior to his death.
 
 
 3
 Our review of the record satisfies us that the district court committed no error of law in granting summary judgment in favor of defendants and in declining to exercise supplemental jurisdiction over the state law claim. What the record reveals is the case of an inmate who repeatedly disregarded the warnings of the medical staff that his failure to follow the prescribed diet would subject him to the danger of a heart attack or stroke. Among other things, Reed at one point checked himself out of the prison infirmary against medical advice. The allegation that Dr. King was deliberately indifferent to Reed's medical needs on the morning that Reed suffered his fatal heart attack finds no support in the record.
 
 
 4
 We affirm the judgment on the basis of the district court's thorough memorandum opinion. See 8th Cir. Rule 47B. The motion to supplement the record is denied.
 
 
 
 [1]
 The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri